## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF PATRICIA GRIECO, *by its Administrator*, VINCENT GRIECO, and VINCENT GRIECO, *individually*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MEDICAL CONSULTANTS, P.C., *et al.*,<br><br>Defendants. | Civil Action No.<br><br>16-1959 (MCA) (LDW)<br><br><br>**OPINION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court is plaintiffs' motion for recusal of the undersigned, filed on August 10, 2018. (ECF No. 47). The defendants filed an opposition on August 21, 2018, and plaintiffs replied on August 28, 2018. (ECF Nos. 48, 49). The Court heard oral argument on the motion for recusal on September 7, 2018. Having carefully considered the parties' arguments and written submissions, and for the reasons set forth below, the motion for recusal is **DENIED.**

### I.    BACKGROUND

Familiarity with the facts and procedural history of this breach of contract case and the underlying medical malpractice action in the New Jersey Superior Court, Law Division, Bergen County is presumed. Briefly, plaintiffs' New Jersey state court medical malpractice action was dismissed after defendant Lael F. Forbes, M.D. did not appear at trial to testify as an expert witness. Plaintiffs filed this breach of contract action against Dr. Forbes, National Medical Consultants, and Eugene DeBlasio, M.D. to recover damages resulting from the Superior Court's dismissal of the medical malpractice action. Dr. Forbes, however, argues that plaintiffs' counsel in the

underlying case, Joseph E. Collini, failed to take appropriate steps to protect his clients' interests in state court, and Mr. Collini's legal malpractice is the cause of plaintiffs' damages. (Brief in Support of Motion for Disqualification at 3, ECF No. 28-1).

Litigation on the merits of plaintiffs' breach of contract claim has been sidelined by two collateral motions. On April 13, 2018, Dr. Forbes filed a motion to disqualify plaintiffs' current counsel, Caesar Brazza, and his firm, Brazza Law, LLC, under New Jersey Rules of Professional Conduct ("RPC") 1.7(a) and 3.7(a), having discovered through a public records search that Mr. Brazza appears to have represented plaintiffs and Mr. Collini concurrently. As Dr. Forbes contends that plaintiffs should be seeking damages from Mr. Collini, she argues that Mr. Brazza's prior concurrent representation of Mr. Collini and plaintiffs creates a conflict of interest. The Court heard oral argument on the motion to disqualify on June 28, 2018. The Court found the public records discovered by Dr. Forbes' counsel of Mr. Brazza's representation of Mr. Collini insufficient to resolve the question of concurrent representation and subsequently ordered Mr. Brazza to file a certification disclosing the names of any matters in which he represented Mr. Collini and the dates of such representations. (ECF Nos. 37, 46). The Court then issued two additional orders directing Mr. Brazza to clarify the timing and extent of his representation of Mr. Collini. (ECF Nos. 38, 39, 40, 44, 45). Meanwhile, Mr. Brazza requested leave to file a motion for recusal of the undersigned, which was granted. (ECF Nos. 41, 42, 43).

## II.     DISCUSSION

Although Mr. Brazza sets forth eleven bases for recusal, his overlapping arguments fall into three categories of judicial conduct which, he suggests, render the undersigned incapable of impartiality: (1) comments and questions from the bench during oral argument on Dr. Forbes' motion to disqualify plaintiffs' counsel (Brief in Support of Plaintiff's Motion ¶¶ 2(a), 2(d), 2(e),

$2(g)$, $2(i)$, $2(j)$, ECF No. 47); (2) the Court's directing counsel for both sides to supplement the record (*Id.* ¶¶ $2(b)$, $2(c)$, $2(f)$, $2(h)$); and (3) the Court's prior professional dealings with Joel Taylor, Esq. (*Id.* ¶ 3).

## A. Oral Argument and Orders to Supplement the Record

A magistrate judge shall recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, a magistrate judge shall recuse herself on the basis of her "personal bias or prejudice concerning a party." *Id.* § 455(b)(1). Such bias, prejudice, or impartiality must stem from extrajudicial sources – *i.e.*, "a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). The Supreme Court explained that

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Partyka v. Meza*, Civ. A. No. 11-3316 (JLL), 2011 WL 2580105, at *2 (D.N.J. June 27, 2011) (prejudice, bias, or partiality warranting recusal is grounded upon "personal animus, rather than judicial actions that can be corrected on appeal"). In considering a motion for recusal, the Court applies an objective standard to determine whether a "reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (quotation omitted).

3

At the outset, the Court must address Mr. Brazza's recurring argument that there is "no proof" of attorney malpractice or a conflict of interest in his representation such that the Court's decision to ask him any questions at all regarding those topics during oral argument of the disqualification motion indicates that it has prejudged issues raised in that motion. Mr. Brazza misstates the procedural history of this case. Defense counsel searched court dockets to determine if and when Mr. Brazza represented Mr. Collini and found public filings indicating that he represented Mr. Collini in two other matters at the same time as he represented plaintiffs. Counsel brought that publicly available information to the Court's attention in its motion to disqualify plaintiffs' counsel, and the Court used oral argument to explore with Mr. Brazza the existence and extent of any potential conflict. The Court has not yet accepted either side's contentions with respect to attorney malpractice or conflict necessitating disqualification of counsel; that motion is *sub judice*, and when the Court has reached a final decision on the merits of the motion, it will so reflect in an opinion and order. What Mr. Brazza is really arguing is that there is no conflict necessitating his disqualification; but those arguments have already been raised in his opposition papers on the motion to disqualify and are not relevant to the disposition of the instant motion for recusal.

Indeed, the Court's questions to Mr. Brazza at oral argument on the motion to disqualify arose from facts proffered by defense counsel indicating that Mr. Brazza concurrently represented plaintiffs and Mr. Collini. Similarly, the Court's questions about the conflict waiver produced by Mr. Brazza stemmed from the document itself. Those questions were, by their very nature, judicial and relate to the analysis of whether RPC 1.7(a)(1) or (a)(2) applies to the disqualification motion and if the RPC's requirements have been met. *See Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (recusal not warranted

where judge questioned defendant at trial because the questions were relevant to factual issues in the case). The Court asked Mr. Brazza probing questions at oral argument to flesh out the record on this issue. If the Court had prejudged the issue of concurrent representation, it would not have taken the trouble to direct Mr. Brazza to submit additional information. In any event, as mentioned above, the Court has not yet decided the motion to disqualify plaintiffs' counsel, so Mr. Brazza's charge of partiality is based on nothing more than an anticipated unfavorable ruling. *See Walsh v. Krantz*, No. 1:07-cv-0616, 2008 WL 5146531, at \*4 (M.D. Pa. Dec. 8, 2008) ("When assessing a litigant's recusal motion, the court must carefully consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings."). A Court's recusal of itself under these circumstances would only encourage litigants to judge-shop for a jurist perceived to be more favorable to the recusal movant's position on the merits. *See United States v. Dalfonso*, 707 F.2d 757, 761 (3d Cir. 1983).

Similarly, Mr. Brazza suggests that the Court's apparent agreement with various statements made by defense counsel at oral argument indicates its prejudgment of the merits in favor of the defense. As stated on the record, the Court reviewed the parties' written submissions beforehand and came to the oral argument prepared. (Oral Arg. Tr. at 44:15-24, ECF No. 46). To the extent plaintiffs' counsel perceived the Court to be expressing any opinion on the merits – and the undersigned emphasizes that a colloquy at oral argument should not be confused with a ruling on a contested issue – the Court's questioning was informed by "facts introduced or events occurring in the course of the current proceedings," *Liteky*, 510 U.S. at 555, and nothing more. *See Partyka*, 2011 WL 2580105, at \*2 (allegation that Judge Linares "helped" defendant by dismissing complaint *sua sponte* did not justify recusal because that action was "judicial in nature").

The Court's orders that counsel supplement the record with (1) pleadings in a related case filed by Mr. Collini in New Jersey state court, and (2) a certification from Mr. Brazza detailing the length and extent of his attorney-client relationship with Mr. Collini were also judicial actions taken in direct response to facts raised by defense counsel at oral argument. Mr. Brazza's characterization of these orders as an independent investigation by the Court signifying its personal stake in this case is inapt – the Court did not of its own volition search public dockets to determine who Mr. Brazza's clients are or whether any related lawsuits had been filed, nor did it raise these issues at oral argument *sua sponte*. As stated above, whether Mr. Brazza currently represents Mr. Collini or Mr. Collini is a former client governs which section or subsection of the RPCs must be analyzed by the Court in deciding the motion. Thus, acting on information proffered by defense counsel, the Court sought to ensure that all available, relevant facts are considered before coming to a final decision on the motion to disqualify.

Finally, Mr. Brazza cites no evidence from which a reasonable person could infer that the Court harbors bias, prejudice, or "deep-seated antagonism" against him, his clients, or Mr. Collini.[1] As the pending motion to disqualify raises the issue of whether the vigorousness of Mr. Brazza's representation of plaintiffs was tempered by his relationship with Mr. Collini, the Court asked questions regarding whether Mr. Brazza, in seeking on behalf of plaintiffs to have the underlying malpractice action restored to the docket in state court, omitted certain arguments that might have been unfavorable to Mr. Collini. The Court's questions were based on its duty to consider fully the facts relevant to its decision on disqualification and nothing more. This is a purely judicial function, unrelated to any personal feelings about the litigants or counsel. *Cf.*

---

[1] That is because there is no such bias or animus. The Court's only knowledge of Mr. Brazza and his clients comes from his conduct of this case, and the Court has no personal feelings towards Mr. Brazza or Mr. Collini one way or the other.

*Securacomm*, 224 F.3d at 278 (judge's "negative comments" about defendant did not evidence bias justifying recusal because they were relevant to issues of fees and damages). It is respectfully submitted that no reasonable person viewing the oral argument transcript and orders to supplement the record would doubt the undersigned's impartiality or lack of bias.

### B. Joel Taylor

Plaintiffs' counsel additionally argues that the undersigned should recuse herself because she has an alleged personal/professional relationship with Joel Taylor, an attorney at Kagen & Casperson. Pursuant to 28 U.S.C. § 455(b)(2), a magistrate judge shall recuse herself when "in private practice [she] served as lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter."

There is no basis for recusal under this statute based on the previous professional association of the undersigned with Mr. Taylor. Mr. Taylor is reportedly working now as an attorney at Kagen & Caspersen, the firm representing defendant Dr. Forbes. (Taylor Certification ¶ 2, ECF No. 48-2). Mr. Taylor has not filed a notice of appearance in this case, and the undersigned was unaware that he was an attorney at Kagen & Caspersen until plaintiff filed the instant motion for recusal in August 2018. (*Id.* ¶ 5). This was *after* the June 28, 2018 oral argument at which plaintiffs' counsel contends the undersigned exhibited a bias against him through her questioning.[2]

---

[2] To the extent Mr. Brazza faults the Court for failing to disclose its dealings with Mr. Taylor fourteen years ago, he cites no statute or rule of professional conduct that would require such disclosure. As Mr. Taylor has never entered a notice of appearance in this matter, the Court was entirely unaware of any potential for conflict. It would be impractical, if not impossible, to mandate that a judge search the roster of every law firm that appears on its docket to see if there are any attorneys employed there that she knows – even when those attorneys do not represent a party in the action before the Court.

Both Mr. Taylor and the undersigned once worked at the New York office of the law firm Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), but not at the same time. The undersigned was a litigation associate at Kramer Levin from 1993 to 1995, and Mr. Taylor reportedly was an attorney there from 2000 to 2015. (*Id.* ¶ 2).

When the undersigned worked as an attorney at the Newark, New Jersey firm that eventually became known as Robinson, Wettre & Miller, LLC, she does recall working as local counsel to Kramer Levin on at least one matter in which Mr. Taylor, then a Kramer Levin attorney, and she acted as co-counsel. According to Mr. Taylor's Certification on this motion, professional communications between he and the undersigned occurred in the 2004 to 2005 time period, which comports with the undersigned's recollection. The undersigned does not recall any specifics of the communications, the matter or matters discussed, or ever having met Mr. Taylor in person. She has had no other contact, professional or personal, with Mr. Taylor in the past decade.

In any event, the undersigned and Mr. Taylor did not "previously practice[ ] law" together during any time in which Mr. Taylor "served . . . as a lawyer concerning the matter." 28 U.S.C. § 455(b)(2). While it is doubtful that working together as co-counsel on a case even constitutes "practicing law" together within the meaning of this statute, the undersigned's association with Mr. Taylor was more than ten years ago, long before the events giving rise to this case occurred. Moreover, Mr. Taylor certifies that he has never worked on this case. (Taylor Certification ¶ 5, ECF No. 48-2).

Nor do the undersigned's professional dealings with Mr. Taylor suggest partiality warranting recusal under 28 U.S.C. § 455(a). To put plaintiffs' contention of a recusable conflict in context, the Court notes that during the undersigned's two-plus decades in private practice, she

worked as co-counsel with many hundreds of other attorneys. There is nothing about having worked as co-counsel with Mr. Taylor on a matter or matters more than ten years ago, combined with his present employment at a firm that is litigating this action, that would cause a reasonable person to doubt this Court's ability to impartially adjudicate this matter. Were this insubstantial a relationship a basis for recusal, recusals would be legion, and there would be a veritable merry-go-round of transfers from one judge to another within the Court. Such disruption in the Court's discretion to manage its docket is not required by the recusal statute.

## III.    CONCLUSION

The Court is able to handle this case fairly and impartially, and there is no basis reasonably to conclude otherwise. Therefore, the Court will exercise its affirmative duty to keep this case on its docket. *See Tare v. Bank of Am.*, Civ. A. No. 08-01109 (FSH), 2008 WL 4372785, at *7 (D.N.J. Sept. 19, 2008). Plaintiffs' motion for recusal is **DENIED**. An appropriate order will follow.

Dated: September 21, 2018

Hon. Leda Dunn Wettre
United States Magistrate Judge