UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF PATRICIA GRIECO, *by its administrator,* VINCENT GRIECO and VINCENT GRIECO,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MEDICAL CONSULTANTS, P.C., *et al.*,<br><br>Defendants. | Civil Action No.<br><br>16-1959 (MCA) (LDW)<br><br>**ORDER** |

**WHEREAS** defendant Lael Forbes, M.D. filed a motion to disqualify plaintiffs' counsel Caesar Brazza, Esq. pursuant to Rule 1.7(a)(2) of the New Jersey Rules of Professional Conduct ("RPC"), alleging that Mr. Brazza's relationship with his former client (and plaintiffs' former counsel) Joseph Collini appears to be materially limiting his representation of plaintiffs (ECF No. 28); and

**WHEREAS** on December 20, 2018, the Court appointed Mark Olinsky, Esq. for the limited purpose of providing an independent consultation to plaintiff Vincent Grieco regarding the potential conflicts that exist with respect to Mr. Brazza's representation and to either (1) assist Mr. Grieco in preparing a conflict waiver that satisfies RPC 1.7 if, after full disclosure and consultation, he decided to waive the potential conflicts or (2) refer Mr. Grieco to the appropriate County Bar Association to seek substitute counsel if, after full disclosure and consultation, he did not wish to waive the potential conflicts (ECF No. 59); and

**WHEREAS** the parties appeared before the undersigned for a telephonic status conference on February 4, 2019 during which Mr. Olinsky reported that (1) he has conferred with Mr. Grieco, (2) Mr. Grieco does not wish to waive any potential conflicts with respect to Mr. Brazza or Mr.

Collini, and (3) Mr. Grieco intends to retain substitute counsel to represent him and the estate in this matter and is currently seeking new counsel; and for good cause shown

**IT IS** on this day, February 5, 2019:

**ORDERED** that in light of plaintiffs' intention to retain new counsel and pursuant to RPC 1.16(a)(3), Mr. Brazza is no longer counsel of record in this matter and the Clerk of Court is directed to terminate his appearance; and it is further

**ORDERED** that in view of his status as former counsel for plaintiffs, Mr. Brazza shall comply with all applicable Rules of Professional Conduct pertaining to former clients, unrepresented persons, and/or persons represented by counsel, including, but not limited to, RPC 1.6, RPC 1.9, RPC 4.2, and RPC 4.3; and it is further

**ORDERED** that plaintiffs shall have new counsel file a notice of appearance on their behalf as soon as practicable, and no later than **March 6, 2019**; and it is further

**ORDERED** that plaintiff Vincent Grieco, plaintiffs' new counsel, and all defense counsel shall appear for an in-person status conference on **March 26, 2019 at 2:30 p.m.** in Courtroom 3C of the Martin Luther King Jr. Federal Building and U.S. Courthouse; and it is further

**ORDERED** that Mr. Olinsky shall serve a copy of this order on plaintiff Vincent Grieco by mail no later than **February 8, 2019**; and it is further

**ORDERED** that the motion to disqualify plaintiffs' former counsel (ECF No. 28) is dismissed without prejudice as moot.

*/s/ Leda D. Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge